IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LARRY ALLEN LYMAN                                           PLAINTIFF

v.              Civil No. 5:24-cv-05218-CDC

JACOB REID, Medical Intake EMS;
TRACEY ROBISON, Benton County
Jail, Health Services Administrator;
JOHN DOES 1-2, Sheriff's Deputies,
Benton County; and JOHN DOE NURSE,
Turn Key Health                                            DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Larry A. Lyman ("Lyman"), a former inmate of the Benton County Detention Center (BCDC), filed this civil rights action under 42 U.S.C. § 1983. Lyman proceeds *pro se* and *in forma pauperis* ("IFP").

The case was directly assigned to the undersigned Magistrate Judge. However, because not all parties to the action have consented to the jurisdiction of the undersigned, and this document will be dispositive of a several of Lyman's claims, this document will be filed as a Report and Recommendation and the case will automatically be reassigned to United States District Judge Timothy L. Brooks. 28 U.S.C. § 636(c); Rule 73 of the Federal Rules of Civil Procedure, and General Order 2024-02. The case is before the Court for preservice screening of the Complaint (ECF No. 1) under 28 U.S.C. § 1915A. Pursuant to § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**I.  BACKGROUND**

According to the allegations of Claim One, on March 20, 2024, alongside of Highway 62

in Benton County, Lyman was arrested by Deputy John Doe. (ECF No. 1 at 5). Deputy John Doe took Lyman's prescribed medication from him and handcuffed him. *Id.* Lyman stated he told Deputy John Doe that he had been recently hospitalized, was "felling dizzy, and fatigued, and heavy limbed," and needed to take his morning dose of heart medication. *Id.* at 5-6. When they arrived at the BCDC, Lyman stated Deputy John Doe violated his rights by not taking him "to the nearest hospital as the posted notice instructed." *Id.* at 6. Lyman next contends Jailer John Doe violated his rights by receiving him into the BCDC without following the posted policy after having been advised by Lyman that he was experiencing "dangerous heart systems" and needed to take his morning medication.

In Claim Two, Lyman first alleges that Defendant Reid, the medical intake person, did not document, as he was required to do, the information that Lyman supplied. (ECF No. 1 at 7). Defendant Reid also failed to document an appointment that Lyman had scheduled to obtain a referral to a specialist following his March of 2024 hospitalization. *Id.* Lyman maintains Defendant Robison violated his rights by not sending him to the doctor's appointment. *Id.* Lyman alleges there were procedures in place for him to have been transported. *Id.* Further, he states he had notified the nurses of this appointment both verbally and by requests placed on the kiosk beginning on March 27, 2024. *Id.*

In Claim Three, Lyman contends that during medication pass, Nurse Jane Doe knowingly provided him with a "changed medication due to costs." (ECF No. 1 at 9). When Lyman complained that his Lasix pill was not present, he says Nurse Jane Doe implied that if she logged a refusal on the laptop, he would not receive "any of [his] life necessary meds." *Id.* Lyman chose to take the provided pills. *Id.* Lyman contends there is documented proof of injury because of an "active state of A-fib" and emergency room records from approximately June 30, 2024. *Id.*

Lyman apparently fell as he states he received stitches.

## II. APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) each defendant acted under color of state law, and (2) that he or she violated a right secured by the constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).

Although the denial of medical claims brought by arrestees and pretrial detainees arise under the Due Process Clause of the Fourteenth Amendment, the Eighth Circuit has utilized the Eighth Amendment's deliberate indifference standard applicable to convicted inmates to both

3

arrestees and pretrial detainees. *See e.g., Carpenter v. Gage,* 686 F.3d 644, 650 (8th Cir. 2012) (arrestee); *Morris v. Cradduck,* 954 F.3d 1055, 1058 (8th Cir. 2020) (pretrial detainee). This is true even though the Fourteenth Amendment's Due Process standard announced in *Bell v. Wolfish,* 441 U.S.520, 535 (1979) is applied to other conditions of confinement claims. *See e.g., Stearns v. Inmate Servs. Corp.,* 957 F.3d 902, 908-09 (8th Cir. 2020) (Fourteenth Amendment prohibition against punishment applies to conditions of confinement claims brought by pretrial detainees); *Vogt as Trustee for Heirs of Vogt v. MEnD Corr. Care Inc.,* 113 F.4th 793 (8th Cir. 2024) (Eighth Amendment deliberate indifference standard applied to denial of medical care claims brought by a pretrial detainee).

To succeed on this type of claim, Lyman must demonstrate (1) that he had an objectively serious medical need, and (2) that the Defendants actually knew of, but deliberately disregarded, that serious medical need. *See Ivey v. Audrain Cty., Mo.*, 968 F.3d 845, 848 (8th Cir. 2020). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997) (internal quotations omitted). "To demonstrate that a defendant actually knew of, but deliberately disregarded, a serious medical need, the plaintiff must establish a mental state akin to criminal recklessness: disregarding a known risk to the [detainee's] health." *Barton v. Taber*, 908 F.3d 1119, 1124 (8th Cir. 2018) (internal quotations and citations omitted).

Lyman alleges he told Deputy John Doe and Jailer John Doe that he needed his morning heart medication, had been recently hospitalized, was feeling dizzy, fatigued, heavy limbed, and was experiencing dangerous heart symptoms. He asked to be taken to the nearest hospital. At

the screening stage, these allegations are sufficient to state a plausible claim of deliberate indifference to serious medical needs.

However, in Claim Two, Lyman alleges only that Defendant Reid failed to record the information Lyman supplied and failed to document the fact that Lyman had, prior to his incarceration, scheduled an appointment to see a doctor about getting a referral to a specialist. With respect to Defendant Robison, Lyman maintains she had the ability to get him transported to the doctor's appointment but did not.   Lyman does not allege he was denied medical care by either Defendant Reid or Robison.  Only that they did not arrange for him to be transported to his prearranged doctor's appointment.    These allegations are insufficient to allege a plausible denial of medical care claim against Defendants Reid and Robison.

Claim Three gives the Court more pause.  As discussed above, Lyman contends Nurse Jane Doe provided him a substitute medication in place of his Lasix.   When Lyman questioned it, he alleges Nurse Jane Doe threatened not to provide him with "any of [his] life necessary meds." The Court recognizes that a registered or licensed nurse cannot prescribe medication.   This change must have come at the order of a doctor or advanced practice registered nurse.  However, the "threat" to withhold all necessary medication, the Court believes is sufficient to state a claim of deliberate indifference to serious medical needs against Nurse Jane Doe.

### IV.    CONCLUSION

For the reasons stated above, I recommend that all claims against Defendants Reid and Robison be denied for failure to state a claim.   28 U.S.C. § 1915A(b).

By separate Order, Sheriff Shawn Holloway will be added as a Defendant for the sole purpose of identifying Deputy John Doe, Jailer John Doe, and Nurse Jane Doe.  Once these individuals are identified, the Complaint will be served on them and Sheriff Holloway will be

dismissed.

The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.

**Status of the Referral**: This case should remain referred for all matters not recommended for dismissal in this Report and Recommendation.

**RECOMMENDED** this 9th day of December 2024.

*s/ Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE