IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LARRY ALLEN LYMAN                                                        PLAINTIFF

v.                      Civil No. 5:24-cv-05218-TLB-CDC

JOHN DOES 1-2, Sheriff Deputies,                                DEFENDANTS
Benton County; JOHN DOE NURSE,
Turnkey Health; and SHERIFF SHAWN
HOLLOWAY

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court on the Plaintiff's failure to obey the Orders of the Court.

### I. DISCUSSION

On October 22, 2024, Plaintiff, Larry A. Lyman, filed this action pursuant to 42 U.S.C. §1983. He proceeds *pro se* and *in forma pauperis*. Plaintiff was incarcerated in the Benton County Detention Center ("BCDC") when he filed his Complaint. (ECF No. 1). On November 18, 2024, Plaintiff filed a notice of change of address to a private residence in Rogers, Arkansas. (ECF No. 6).

When he filed this case, Plaintiff was specifically advised that he was required to immediately inform the Court of any change of address. (ECF No. 3). If Plaintiff was transferred or released, Plaintiff was told he must advise the Court of any change in his address by no later than thirty (30) days from the time of his transfer to another facility or his release. *Id.*

1

On January 31, 2025, mail was returned as undeliverable with a notation "return to sender vacant." (ECF No. 16). Plaintiff had thirty days or until March 3, 2025, to provide the Court with his new address. Plaintiff has not provided a new address. The last document filed by Plaintiff was his change of address notice filed on November 18, 2024. (ECF No. 6).

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires *pro se* parties to "promptly notify the Clerk and other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently."

## II. CONCLUSION

For this reason, it is recommended that **this case be DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**Status of Referral:** The referral terminates upon the filing of this Report and Recommendation.

**RECOMMENDED** this 11th day of March 2025.

*s/* *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE